# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWIN BUNDOO, ) | |
| ) | |
| Plaintiff, ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| RECEIVABLES PERFORMANCE ) | |
| MANAGEMENT, ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant. ) | |
| ) | |

## **COMPLAINT**

EDWIN BUNDOO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RECEIVABLES PERFORMANCE MANAGEMENT ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Parkville, Maryland 21234.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its headquarters located at 20816 44th Ave West, Lynnewood, WA 98036.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and contacted Plaintiff in its attempts to collect a consumer debt.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6), and sought to collect a consumer debt from Plaintiff.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Upon information and belief, at all relevant times, Defendant was seeking to collect an alleged personal debt from Plaintiff.

14. Beginning in early July 2015 and continuing through November 2015, Defendant continuously and repeatedly contacted Plaintiff on his cellular telephone in its attempt to collect the alleged debt.

15. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (434) 533-9028. The undersigned has confirmed that this number belongs to Defendant.

16. Plaintiff knows it is Defendant calling as he has spoken with male and females collectors whom identified its company's name.

17. On several occasions, including in October 2015, Plaintiff told Defendant to stop calling his cellular telephone number.

18. Despite advising Defendant to stop calling, Defendant continued to call Plaintiff's cellular telephone multiple times per day.

19. Defendant's telephone calls were frequently placed at times known to

be inconvenient for Plaintiff, including when he was at work.

20. Upon answering some of Defendant's calls, there would be complete silence and Plaintiff would again tell Defendant to stop calling him.

21. Once Plaintiff informed Defendant to stop calling, Defendant's continued calls to Plaintiff were intended to harass and annoy him, as it knew he wanted all calls to stop.

22. In order to stop receiving calls from Defendant, Plaintiff was ultimately required to download an application on his cellular devise to block Defendant's number.

23. Upon information and belief, Defendant's actions as described herein were taken with the intent to harass, abuse and coerce payment from Plaintiff for a debt that was not hers.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

24. A debt collector violates §1692(d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called

number.

26. Defendant violated these sections when it placed further telephone calls to Plaintiff's cellular telephone after Defendant was aware that the calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED §1692(f) OF THE FDCPA

27. A debt collector violates §1692(f) of the FDCPA by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

28. Hereto, Defendant's debt collection practices are unfair and unconscionable since it called Plaintiff after being told several times to stop calling and engaged in other patterns of violations of Plaintiff's rights as a consumer.

WHEREFORE, Plaintiff, EDWIN BUNDOO, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EDWIN BUNDOO, demands a jury trial in this case.

DATED: 08/26/2016            KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg
AMY L. BENNECOFF GINSBURG, ESQ.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com